### MEYER v. CARMER et al.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

PLEDGES (§ 59*)—FORECLOSURE—LIABILITY FOR EXPENSES.

In an action to foreclose a pledge, where the evidence showed a lien on the painting pledged under an agreement that the pledgee should keep the painting insured for the pledgor's benefit, the expenses to be borne by the pledgee, that, on an assignment by the pledgee for the benefit of creditors, the attorney of the assignee notified the pledgor that, if the painting was held any longer, the insurance and care of the painting would be charged against the pledgor, was insufficient to authorize a finding for the amount thereof, where there was no proof that the pledgor ever agreed to be responsible for such expenses.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 134–138; Dec. Dig. § 59.*]

Appeal from Trial Term, New York County.

Action by Anton H. Meyer, as assignee for the benefit of creditors of the United States Restaurant & Realty Company, against George Carmer and others. Judgment for plaintiff, and defendants appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Henry Schoenherr, of New York City, for appellants.

William F. McCombs, of New York City (Frederick R. Ryan, of New York City, of counsel), for respondent.

DOWLING, J. The evidence herein amply justifies so much of the judgment appealed from as determines that plaintiff has a valid lien on the painting in question in the sum of $5,000, with interest from November 16, 1909, less the offset allowed defendant, Carmer, amounting to $650, for the alleged damage done to the painting while held under the lien. It also satisfactorily appears that defendant, Carmer, never made any valid tender of the amount due upon the lien, nor in fact of any amount whatever. But we are unable to find any warrant of law for the award to plaintiff of the sum paid out for insurance and watchmen. Under the original agreement in writing between the parties, it was made the duty of the Restaurant Company to keep the painting insured for Carmer's benefit in the sum

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of $50,000, the expense of which was to be borne by the company. While the attorney for the assignee claims to have notified the attorney for Carmer that, if the painting was held any longer, the insurance and care thereof would be charged against Carmer, there is no proof that the latter ever agreed thereto, nor was he legally chargeable with such expense. The legal duty, by contract, was upon the company to keep the painting insured, and the only subsequent agreement of Carmer was that the amount of the insurance should be reduced to $25,000.

The judgment appealed from will therefore be modified by striking out the sum of $546.88, with interest thereon from June 18, 1910, and the further sum of $96, and, as so modified, it is affirmed without costs. All concur.

---

### In re PARKWAY IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   May 3, 1912.)

1. EMINENT DOMAIN (§ 133*)—CONDEMNATION OF LAND—DAMAGES—HOUSE AS REALTY.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 358–361½; Dec. Dig. § 133.*]

2. EMINENT DOMAIN (§ 133*)—CONDEMNATION OF LAND—DAMAGES—HOUSE AS REALTY.

Where, after the commencement of condemnation proceedings, a house was moved onto land taken in bad faith, and for the purpose of unreasonably increasing the damages to be awarded, a failure of the commissioners of estimate and assessment to award damages for the excavation and foundation on which the building was placed and for the cost of moving was proper.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 358–361½; Dec. Dig. § 133.*]

3. EMINENT DOMAIN (§ 133*)—CONDEMNATION OF LAND—DAMAGES—TAKING LAND IN DIFFERENT PROCEEDINGS—DESTRUCTION OF HOUSES.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

135 N.Y.S.—5